UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN JOSE LOPEZ ORTIZ

      Plaintiff,

vs.                                                                    Case No.


CONSTRUCTION IN FLORIDA LLC,
a Florida Limited Liability Company,
and MARTIN GONZALEZ CANTERAS, individually,

      Defendants.

_____/


## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, ("Plaintiff"), JUAN JOSE LOPEZ ORTIZ, by and through the undersigned counsel, hereby sues Defendants, CONSTRUCTION IN FLORIDA LLC, and MARTIN GONZALEZ CANTERAS, individually, ("Defendants"), and in support aver as follows:

### GENERAL ALLEGATIONS

1. This Court has jurisdiction over Plaintiff FLSA claims pursuant to the 29 U.S.C. § 216.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Lee County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant, CONSTRUCTION IN FLORIDA LLC, is Florida Limited Liability Company, having its main place of business in Lee County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

1

4.  Defendant, MARTIN GONZALEZ CANTERAS, is company owner and exercised operational control over the activities of corporate Defendants.

5.  Venue is proper in Lee County because all of the actions that form the basis of this Complaint occurred within Lee County and payment was due in Lee County.

6.  Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.  Plaintiff was employed by Defendant on or about January 8, 2025, as a Driver/Boatcat Operator.

9.  Plaintiff's job duties included driving various vehicles, cleaning construction sites, and operating machinery at the construction company.

10. Plaintiff regularly worked between 66 and 77 hours per week.

11. Plaintiff was paid $1,500 per week in cash; however, Plaintiff was not paid overtime wages as required by law.

12. Plaintiff was not provided with pay stubs, and taxes were not properly withheld.

13. Plaintiff did not clock in or out, and no accurate time records were maintained by the employer.

14. Defendant's owner, Martin Gonzalez Contreras, exercised operational control over Plaintiff's employment, including hiring, firing, scheduling, and payroll practices. He set pay rates and determined the method in which Plaintiff was paid.

15. Plaintiff initially received payments on Wednesdays; however, the employer began delaying payments and eventually stopped paying Plaintiff altogether during the last weeks of employment.

16. Plaintiff contacted Martin Gonzalez Contreras regarding unpaid wages. Initially, Martin Gonzalez Contreras told Plaintiff to download Zelle, and he would pay him through Zelle.

17. Even after the Plaintiff downloaded Zelle, he did not receive his unpaid wages. The Plaintiff would follow up with Martin Gonzalez Contreras every day for two weeks, but he would repeatedly tell the Plaintiff to check his bank account.

18. After about a month, Plaintiff called Martin Gonzalez Contreras to ask about his unpaid wages. Martin Gonzalez Contreras told him that the Plaintiff could either keep working for less than what he was getting paid or leave.

19. Martin Gonzalez Contreras never said he was willing to pay him what he owes him and only offered to give him more work for less money.

20. Since Martin Gonzalez Contreras directly failed to make payments due and advised Plaintiff to leave, Plaintiff was terminated on May 6, 2025.

21. Defendants' failure to pay Plaintiff $3,150 in unpaid wages has been intentional and willful, as they have not paid Plaintiff the agreed-upon compensation for the completed work, including overtime and off-the-clock labor, in violation of the Fair Labor Standards Act (FLSA).

## COUNT I
### *Breach of Agreement against*
### *CONSTRUCTION IN FLORIDA LLC*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. Defendant breached its agreement with Plaintiff by failing to comply with the terms in her signed contract.

24. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation Against*
*CONSTRUCTION IN FLORIDA LLC*

25. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

28. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do

4

its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

29. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

30. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

31. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

32. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

33. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

34. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights,

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Wage & Hour Federal Statutory Violation Against*
*MARTIN GONZALEZ CANTERAS*

35. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

36. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, CONSTRUCTION IN FLORIDA LLC.

37. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

38. Defendant had operational control of the business and is thus jointly liable for Plaintiff' damages.

39. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff' rights.

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FLSA Retaliation Against*
### *CONSTRUCTION IN FLORIDA LLC*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

41. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has

7

testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

42. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

43. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant' unlawful work practices.

44. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and.

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FLSA Retaliation Against*
### *MARTIN GONZALEZ CANTERAS*

8

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

46. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

47. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

48. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant' unlawful work practices.

49. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and.

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

9

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 10, 2026

Respectfully submitted,

*/s/ Mark S. Edwards*
**Mark S. Edwards, Esq.**
Fla. Bar No. 906859
mark.edwards@rgph.law
***REMER, GEORGES-PIERRE, &
HOOGERWOERD PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone